IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>DAYBREAK SOLAR POWER, LLC<br><br>   Defendant. | Case No. 3:22-cv-00009<br><br>CLASS ACTION COMPLAINT<br>[Jury Trial Demanded] |

**CLASS ACTION COMPLAINT**

Plaintiff Craig Cunningham (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. Plaintiff Craig Cunningham brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.

2. Daybreak Solar Power, LLC ("Daybreak") sent pre-recorded telemarketing calls to cellular telephones, like Mr. Cunningham's, which is prohibited by the TCPA.

3. The Plaintiff also brings this action alleging violations of the North Carolina Telephone Solicitations Act, §75-100 et. seq. ("NCTSA") because the calls were made using pre-recorded messages.

1

4. The Plaintiff never consented to receive the call, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Craig Cunningham maintains a residence in North Carolina.

7. Defendant Daybreak Solar Power, LLC is a Texas limited liability company that is registered to do business in this District.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the NCTSA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

9. This Court has jurisdiction over the defendant. Daybreak Solar regularly engages in business in this District, including making telemarketing calls into this District and servicing customers in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District and 28 U.S.C. § 1391(b)(2) because the telemarketing calls at issue were made into this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

12. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the

3

consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The North Carolina Telephone Solicitations Act

16. The NCTSA states that "no person may use an automatic dialing and recorded message player to make an unsolicited telephone call." §75-104(a).

17. The statute authorizes telephone subscribers that are aggrieved to file a civil action.

**Factual Allegations**

18. Daybreak Solar is a company that sells and provides solar services to consumers in various states, including North Carolina.

19. To generate new customers, Daybreak Solar relies on telemarketing.

The Call to Mr. Cunningham

20. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's cellular telephone number is (704) 444-XXXX.

22. Mr. Cunningham uses the number for personal, residential, and household reasons.

23. Mr. Cunningham did not provide his prior express written consent to receive pre-recorded calls from the Defendant.

4

24. Yet, on December 23, 2021, the Plaintiff received a pre-recorded call from the Defendant, or a call center working on their behalf.

25. The Plaintiff could tell the call was pre-recorded because there was a "pop" sound at the beginning of the call indicating that the recorded message was going to begin.

26. This is also indicative of the facts that the calls were transmitted *en masse*.

27. The pre-recorded message then started by saying "Hi, this is Brian Lee calling on behalf of The-Solar-Project.com".

28. The solicitation for Daybreak Solar continued through Daybreak's employee "Yesenia".

29. Yesenia then asked Mr. Cunningham questions about his marital status and credit score as part of the solicitation for Daybreak's services.

30. In multiple calls with Daybreak Employees about the origin of these calls, agents falsely claimed that the Plaintiff must have gone on "some website" but were unable or unwilling to state whatever website they claimed the Plaintiff went on.

31. Other individuals have complained about receiving telemarketing calls from Daybreak Solar:

> Company calls your phone and then denies calling. Even when you have indisputable proof of the calls. Beware of companies that behave in this manner!

*See* https://www.bbb.org/us/tx/fort-worth/profile/solar-energy-contractors/daybreak-solar-power-0825-1000149944/customer-reviews (Last Visited January 4, 2022).

32. Indeed, former employees have confirmed the "cold call" tactics used by Daybreak Solar:

> Leads are absolute trash. The call center they use just throws crap at the wall and sees what sticks.

5

*See* https://www.glassdoor.com/Reviews/Daybreak-Solar-Reviews-E3171561.htm (Last Visited January 4, 2022).

33. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded.

34. The Plaintiff did not provide his prior express written consent to receive the calls.

**Class Action Statement**

35. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36. The classes of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

**NCTSA Recorded Message Class**: All North Carolina Telephone Subscribers whose (1) telephone numbers received calls using a recorded message player (2) from or on behalf of Defendant (3) from four years prior the filing of the Complaint through trial.

These are referred to as the "Classes".

37. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Classes as defined above are identifiable through phone records and phone number databases.

39. The potential members of the Classes number at least in the hundreds.

6

40. Individual joinder of these persons is impracticable.

41. The Plaintiff is a member of the Classes.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made automated robocalls;

   (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

   (c) whether Defendant's conduct constitutes a violation of the TCPA or the NCTSA;

43. Plaintiff's claims are typical of the claims of members of the Classes.

44. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

46. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

47. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

49. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION

**North Carolina Telephone Solicitations Act, §75-100 et. seq.**
**(On Behalf of Plaintiff and the NCTSA Class)**

52. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

53. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the NCTSA, by using a recorded message player to make an unsolicited telephone call.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the NCTSA, the Plaintiff is entitled to at least $500.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. For a trial by jury;

C. Appointment of Plaintiff as a representative of the Classes;

D. Appointment of the undersigned counsel as counsel for the Classes;

E. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and NCTSA;

F. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using pre-recorded message, except for emergency purposes, in the future.

G. An award to Plaintiff and the Classes of damages, attorneys' fees and costs, as allowed by law; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 7th day of January, 2022.

        PLAINTIFF,
        By his attorneys

        */s/ Karl S. Gwaltney*
        KARL S. GWALTNEY
        N.C. State Bar No. 45118
        7706 Six Forks Road
        Raleigh, North Carolina 27615
        Telephone:    919.526.0450
        Fax:    919.882.8763
        kgwaltney@maginnishoward.com
        **Local Civil Rule 83.1 Counsel for Plaintiff**

        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com
        **Attorney for Plaintiff**
        *Subject to Pro Hac Vice Admission*